**FIRST NATIONAL BANK OF GREEN-VILLE, Plaintiff,**

v.

**O/S CHARLOTTE ANN, Her Engines, Boilers, etc., and Grafton Towing Company, Defendants.**

**No. GC 6712.**

United States District Court
N. D. Mississippi,
Greenville Division.

Jan. 6, 1969.

Roy D. Campbell, Jr. and James L. Robertson, Campbell, DeLong, Keady & Robertson, Greenville, Miss., for First National Bank of Greenville.

C. S. Tindall, Lake, Tindall & Hunger, Greenville, Miss., for Port City Towing Co.

H. M. Ray, U. S. Atty., Oxford, Miss., for intervenor.

## OPINION

ORMA R. SMITH, District Judge.

On March 13, 1967 the First National Bank of Greenville, Mississippi, filed libel proceedings for ship mortgage foreclosure against the Oil Screw Charlotte Ann, owned by the Grafton Towing Company. The basis of the proceeding was a first preferred ship mortgage held by the Bank against the Oil Screw Charlotte Ann. The Port City Towing Company, holder of a second preferred ship mortgage, filed a similar proceeding against the Charlotte Ann on March 27, 1967. Actual notice was made to those claimants of which the Bank and Port City had knowledge, and published notice was made through the Delta Democrat Times and the Waterways Journal. Pursuant to order of the Court, the Charlotte Ann was sold at public auction on May 8, 1967, and was purchased by the Port City Towing Company for $135,000.00. The proceeds of the sale, minus cost of the sale, was deposited in the Court's Registry, and on June 6, 1967, the Court allowed the Bank and Port City to withdraw the funds and post an indemnity bond of $35,000.00, which was sufficient to cover all of the claimants of record. On November 8, 1967, G. B. Grafton, President of the Grafton Towing Company, notified the Bank that he had received a letter dated October 31, 1967 from the Corps of Engineers, St. Louis District, with a bill of $2,206.40 for damages attributed to the Charlotte Ann in striking a miter gate operated by the U. S. Corps of Engineers at Charlottesville, Missouri, on August 10, 1965. The only previous notice which Mr. Grafton had received was a letter on August 23, 1965. In notifying the Bank and Port City of the creditors of Grafton Towing Company, Mr. Grafton failed to mention the claim of the Corps of Engineers, St. Louis District. On November 22, 1967, and December 19, 1967, the Bank and Port City, respectively, filed their motions for summary judgment.

On January 2, 1968 the United States filed a motion to intervene on the basis of the tort claim resulting from the damage to the miter gate. On January 15, 1968 the Bank and Port City filed their motions to oppose the government's motion of intervention. On October 23, 1968 this Court heard oral arguments and received briefs on the issues of summary judgment and the motion to intervene.

The Court will first consider the motion of intervention. The right of a party to intervene in an admiralty foreclosure proceeding is clearly within the sound discretion of the District Court. United States v. Maryland Casualty Co., 235 F.2d 50, 54 (5 Cir. 1956). Since a maritime lienor may well lose his claim unless he can assert it against the ship or proceeds, the courts have taken a liberal policy in allowing intervention. As stated in Point Landing, Inc. v. Alabama Dry Dock and Shipbuilding Co., 261 F. 2d 861, 866 (5 Cir. 1958), "Liberality in allowing interventions mirrors not alone admiralty's approach to do justice with slight regard to formal matters. It is a recognition of the unavoidable consequence of a sale of a vessel in an in rem proceeding. The sale cuts off the rights of all non-parties. The title from the marshal is good against the world. Unless one claiming a lien is given the opportunity of asserting his right as against the proceeds resulting from the sale which has been made or is in the course of being carried out, the rights are forever and irretrievably lost."

■ One of the main considerations in allowing intervention in a foreclosure proceeding, as in other actions, is whether the intervention will unduly prejudice the other parties. The prejudice is not merely that one would lose what he might otherwise have kept, but that the delay has subjected him to a disadvantage in asserting his claim, right or defense. Crabtree v. The S.S. Julia, 290 F.2d 478, 481 (5 Cir. 1961). Hence, the Court must weigh all factors and determine if intervention will impede or promote a just outcome for the proceeding. The procedural rules should enhance and not control a determination of the merits of the case.

In the case at bar, First National Bank and Port City Towing have patiently gone through most of the processes of the foreclosure proceeding. Due notice has been given to all known claimants and adequate publication has been made in the news media. The Charlotte Ann has been providently sold and the proceeds deposited in the Registry of the Court. Yet, at the time the parties received notice of the tort claim of the United States, the Court had not made a final determination or disposition of the proceeds.

It is understandable that both the First National Bank and Port City desire a speedy disposition of the proceeding. Nevertheless, the only prejudice which they can assert is the delay in terminating the matter, and the possibility of defending against a claim which might have priority to their own. Approximately one month after the sale of the Charlotte Ann (June 6, 1967) the Court allowed the Bank and Port City to secure a bond and receive the proceeds of the sale.

The Bank and Port City have argued vigorously that since there has been a compliance with the notice requirements of Title 46, U.S.C.A. Sections 925 and 951 and such notice as was ordered by this Court, the motion of the government to intervene should not be allowed. While actual notice was given to all known claimants and publication was made in the news media, actual notice was not made to the Corps of Engineers, St. Louis District. The Default Order entered on April 20, 1967 against all claimants who had received actual notice of the foreclosure and who had not filed pleadings, did not include the U.S. Corps of Engineers, St. Louis District; hence, the ultimate allowance of the intervention is still within the considered discretion of this Court.

The Court must consider the state of the pleadings and the relative effect on all the parties of allowing the intervention.

After careful consideration, this Court has determined that no undue prejudice will result to the parties from allowing the government to intervene, and that under the Federal Rules of Civil Procedure, Rule 24(a) (2), 28 U.S.C.A., United States is so situated that the disposition of the action without intervention will impede its ability to protect its interest. The motion of the United States to intervene will be granted, and an appropriate order will be entered.

The motions for summary judgment will be held in abeyance pending the action by this Court upon any complaint which the United States may assert as a result of its intervention.